## ENSIGN L. WORTHING vs. HIRAM WORTHING.

When both parties to a real action claim under deeds from the same grantor, the demandant's being many (thirteen) years prior to that of the tenant, the latter cannot introduce in evidence a deed from their common grantor to a third person subsequent to both titles, to disprove the delivery of the first deed, and to show the purpose and the intention of the grantor at the time of its delivery.

Where a witness testified that a deed was delivered to her by her husband for his minor son, the fact that many years after she joined with her husband in a warranty deed in which she released to a third person dower in part of the land included in the deed to her son, he being then a minor, and his deed (for aught appearing) being in her possession, may be regarded as inconsistent with her testimony and is admissible for the purpose of contradicting it.

When the evidence is admissible for a special purpose, the jury should be instructed to limit its use to that purpose only, and a general instruction permitting its use for all purposes whatsoever would be erroneous.

ON EXCEPTIONS.

REAL ACTION to determine the title to certain land in China. It was formerly owned by Samuel H. Worthing who died in 1869, leaving a widow, Sally Worthing, and one son, Ensign L. Worthing, the demandant. To maintain his action the demandant introduced a deed of the premises in question to him from his father, dated November 27, 1827. The tenant put in a deed from his brother, the late Samuel H. Worthing, to him, of the same property, dated October 23, 1838. Each of these deeds was recorded upon the day of its respective date. The tenant also introduced, subject to the demandant's objection, a deed of the same land from said Samuel H. Worthing to Hillman Worthing, (another brother) dated December 24, 1839, and recorded March 24, 1840, in which Sally Worthing joined to bar her dower. The demandant was but six years old when the deed to him was made. The tenant denied that the deed was ever delivered and the demandant claimed to have proved by his mother, Sally Worthing, that Samuel H. Worthing delivered it to her for him. . Several exceptions were taken during the trial and to the charge, but the opinion of

the court indicates those upon which the verdict, which was for the tenant, is set aside.

*Joseph* and *Orville D. Baker* for the demandant.

The deed to Hillman Worthing, made twelve years after that to Ensign, and nine years after the delivery of the latter to his mother for him, was improperly admitted, because it was simply a subsequent declaration of the grantor. *Baker* v. *Haskell*, 47 N. H., 479; *Bartlett* v. *Delprat*, 4 Mass., 702; *Aldrich* v. *Earle*, 13 Gray, 578; *Gates* v. *Mowry*, 15 Gray, 564; *Taylor* v. *Robinson*, 2 Allen, 562; *Lynde* v. *McGregor*, 13 Allen, 175; *Rivard* v. *Walker*, 39 Ill., 413; 1 Greenl. on Ev., § 180 and cases there cited. The reason is that the later acts or declarations are no evidence of the intention that existed when the deed was delivered.

The deed was admitted generally, and not for any special purpose, as plainly appears from the language of the charge.

*A. Libbey* for the tenant.

The deed to Hillman Worthing was one of warranty signed by Sally Worthing with her husband, and was admissible to contradict her. Being properly admitted, the demandant should have asked specifically to have its effect limited, had he desired this. He did not do so, nor does he base his exceptions upon the failure thus to limit it.

APPLETON, C. J. This is a writ of entry, in which both parties derive their title from Samuel H. Worthing;—the demandant by deed dated November 27, 1827; and the tenant by deed dated October 29, 1838. Both deeds were recorded the day of their date.

The issue presented to the jury was whether there had been a delivery and acceptance of the deed under which the demandant claims title, prior to the deed from the same grantor to the tenant.

The demandant, to support the issue on his part, offered the deposition of Sally Worthing, the wife of the late Samuel H. Wor-

thing and the mother of the demandant, who testifies that her husband delivered the deed, under which the demandant claims, to her to keep for him and that he was then about six years old.

The tenant offered in evidence a warranty deed from Samuel H. Worthing to Hillman Worthing dated December 24, 1839, of a part of the premises included in the conveyance from Samuel H. Worthing to the demandant, in which Sally Worthing had released her dower. To the admission of this deed the demandant objected, but notwithstanding the objection it was received.

The deed was offered for various purposes;—to negative the alleged fact of a delivery of the deed from Samuel H. Worthing to the demandant or to his wife for his use; and to disprove any intention on his part to convey the title to the premises described in his deed to his minor son; and to contradict the statements of Sally Worthing in her deposition.

So far as the deed was offered for the purpose of defeating the title the demandant acquired, if any, by the deed of November 27, 1827, it was inadmissible. It was subsequent in time to the conveyances under which the demandant and tenant respectively derive their titles. It is *res inter alios*, and on that account inadmissible.

The issue was whether there had been a delivery of the deed under which the demandant claims title, either to him or to any one for his use. The deed offered bore date twelve years later than the date of the deed to the demandant. It did not, and it could not, show the state of facts, or the intention of the grantor, years before its execution. The declarations of a grantor subsequent to his deed are not admissible to defeat such deeds. But a deed is but the declaration of a grantor reduced to writing. In *Gates* v. *Mowry*, 15 Gray, 565, an offer of similar testimony was made and rejected, and the ruling sustained. A grantee's title cannot be impeached by declarations of the grantor made subsequently to his grant. In *Baker* v. *Haskell*, 47 N. H., 479, Smith, J., says: "By a conveyance, a grantee succeeds to the title as qualified by the admissions of his grantor, made before the

conveyance; but his title is not subject to be impaired or defeated by any subsequent declarations of the grantor." On the trial of a writ of entry against husband and wife to establish the title of a creditor of the husband to property alleged to have been fraudulently conveyed to the wife, declarations of the husband, after the conveyance are inadmissible as against the wife, to prove such fraud. *Aldrich* v. *Earle*, 13 Gray, 578. The same principle has been affirmed in numerous decisions. *Taylor* v. *Robinson*, 2 Allen, 562; *Sullivan* v. *Lowder*, 11 Maine, 427.

But the deed contains acts and declarations of Sally Worthing. If her testimony is true, her husband had parted with all his title to the premises in controversy many years before. Joining with him in a deed of warranty of this land, and releasing dower therein is, to a certain extent, inconsistent with that fact, that her husband had no title, and that his deed conveying the land to a minor son was left in her possession for him, he not being of age when the deed in question was given. It has a tendency to show that she understood the title to remain in her husband notwithstanding what had been done, and impliedly to negative the fact of an unconditional delivery to her of his deed to his son. The effect of this testimony was for the jury.

Had the justice presiding limited the testimony to its bearing upon the credibility of Mrs. Worthing's statements there would have been no just ground of exception; but, instead of that, in referring to the deeds introduced, he says: "they are evidence in the case, and whatever weight is to be given to them upon this point or any other, you have a right to consider." In other words, the deed in question was admitted and no restriction or limitation was made upon the use to be made of it as an article of evidence. In this there was error. *Exceptions sustained.*

CUTTING, WALTON, DICKERSON, VIRGIN and PETERS, JJ., concurred.